## Case No. 5,448b.

GILOOLEY v. PENNSYLVANIA R. CO.[1]

District Court, S. D. New York. March 26, 1879.

DAMAGES—EVIDENCE OF VALUE — AVERAGING ESTIMATES.

[Where, in estimating the value of a canal boat lost by collision, the witnesses for the opposite parties are so far apart that both cannot be approximately correct, it is not proper to average the same, but, if the court is satisfied that the witnesses of one party are entitled to the greater credit, it should adopt their valuation.]

[This was a libel by William Gilooley against the Pennsylvania Railroad Company to recover damages for injuries to a canal boat. There was a decree for libellant, and a reference to ascertain damages. Case No. 5,448a. The cause is now heard on exceptions to the commissioner's report.]

E. D. McCarthy, for libellant.

Beecher, Wilcox & Hobbs, for defendant.

CHOATE, District Judge. The libellant having a decree for his damages sustained by reason of injuries to his canal boat, caused by defendant's negligence, and the commissioner to whom it was referred having made his report, both parties have excepted to that report. The principal objection made by the defendant is to the allowance of $1,000 for the value of the canal boat. The libellant testified that the boat was worth $1,500 at the time of its loss. Of two other witnesses called by him one makes her worth $1,800, and the other $1,400. On the other hand, the defendant called six witnesses as to value, one of them the builder of the boat. They put her value at from $300 to $600. They had not

1 [Not previously reported.]

all seen her, and some of them testify from the description given to them upon their examination. It appeared that she was about ten years old at the time of her loss; that she was of a class costing when built $2,500 to $3,000; that she had suffered injury from a collision, by which she was thrown slightly out of line. The libellant bought her in 1873, three years before her loss, for $450. He testified that between the time he bought her and the time of her loss he expended about $1,750 in repairs. He attempted to give an account of these repairs, but had no account except a memorandum, very recently made, and was not very successful in establishing the fact that he had expended so much. Nor did his evidence show that she had been in whole or in any considerable part rebuilt, or that the repairs were more than such as were necessary for keeping the boat in good condition. I do not think the report of the commissioner is sustained by the weight of the testimony on this point of the value of the boat. He has adopted a sum or value about midway between the valuation put upon her by the libellant and his witness and that put upon her by defendant's witnesses. I think it was not a case where such averaging of values given was proper. The discrepancy is so great that both cannot be approximately right, and I am satisfied that defendant's witnesses are entitled to the greater credit. As to the libellant himself, the opinion of an interested party on a mere matter of judgment, especially as to the value of the property injured, should be received with great caution. In matters of opinion, as distinguished from matters testified to from personal knowledge, the interest of the party to the cause is much more liable to create bias and self delusion. The two witnesses for libellant as to value are not particularly strong in their experience or means of forming a judgment, and I think their testimony and that of the libellant is clearly overborne by that of the respondent's witnesses, who testify from an intimate knowledge of the whole subject of the cost and market value of such property, and of the effect of the age of the boat and other circumstances shown in her history upon her value. They are disinterested, and, though some of them had not seen this boat, their opinions as to value were based on the libellant's own statements as to the amount and nature of the repairs he had put upon her. I have given no weight to the offer testified to by one of the witnesses as having been made by libellant to sell her to him for $300, because it appears there was no serious proposition to buy, nor is it certain that it was a serious proposition to sell. The valuation of the libellant and his witnesses is also apparently extravagant and unreasonably high. It is highly improbable that a boat of this description should, after ten years' use, without reconstruction to any considerable extent, be still worth more than half her

original cost. This item must be reduced to $600.

As to the cabin furniture and personal property, reported at $361.22, there is no evidence conflicting with the values given by Mrs. Gilooley, on which this finding is based; nor can the property, in the absence of evidence, be regarded as of any value after being submerged in mud and water for two months. The boat was raised, and part of her cargo saved. The cargo consisted of 223 tons of coal. Only 169 tons are accounted for as saved and sold by the wreckers. The defendants claim that this loss in quantity is not accounted for. I do not think, however, that the libellant should be charged with this loss. The coal was mixed with mud; one solid mass. It had to be dug out, screened, and washed. By this process doubtless a considerable part of the loss may be accounted for. And part may have been lost in the sinking of the boat or in raising her, and part was never got out of her. The coal saved and cleaned was mostly sold at retail at Harlem by a man employed by the wreckers for that purpose, to whom the wreckers appear to have paid $210 for this service. The commissioner has reported this item of expense not satisfactorily proved, and has allowed $42.70, at the rate of 35 cents a ton. I agree with the commissioner in thinking the charge of $210 so exorbitant that it ought not, upon the testimony, to be allowed to any greater amount than the sum of $42.70 allowed by the commissioner. This was shown to be the full and fair value of the service rendered, and, if anything was paid beyond this, the burden is thrown on libellant of showing that such further payment was proper and necessary. A loss which has happened through the extravagance or gross carelessness of the libellant, or those employed by him, after the property was restored to him, cannot be attributed to the negligence of the defendant.

The other objections are all overruled. Libellant's exceptions overruled. Defendant's exception as to allowance for value of boat sustained, and that item reduced to $600. Defendant's exceptions otherwise overruled. Decree to be entered in conformity hereto.